Dwight D. Joyce, Esq.
LAW OFFICES OF DWIGHT D. JOYCE
2 Joyce Plaza
Stony Point, New York 10980
(845) 429-9323
*Attorneys for Defendants UD Edison Corp., UDG Management LLC, UDG Holdings LLC, Jina Baek, and Jeong Hoon Kim*

UNITED STATES DISTRICT COURT
<u>DISTRICT OF NEW JERSEY</u>

| | |
|---|---|
| ROBERT J. KUDLA, D.M.D., <br><br> Plaintiff(s), <br> v. <br><br> UNITED DENTAL GROUP, P.C.; UDG MANAGEMENT, L.L.C.; GEORGE XENAKIS, D.D.S., individually, GEORGE XENAKIS, D.D.S., PALISADES PARK, L.L.C. a/k/a or d/b/a PALISADES PARK, L.L.C., UNITED DENTAL GROUP PRACTICE, UNITED DENTAL GROUP, UNITED DENTAL, and/or SHIM, EUNJUNG, D.M.D., L.L.C.; UD EDISON CORP. a/k/a or d/b/a UNITED DENTAL GROUP, UNITED DENTAL GROUP EDISON, and/or U+D DENTAL; JINA BAEK; UDG HOLDINGS L.L.C. and JEONG HOON KIM, individually, <br><br> Defendants. | District Court Docket No.: <br><br><br> Civil Action <br><br><br> Superior Court of New Jersey, Law Division, Middlesex County Docket No.: MID-L-2577-19 <br><br><br> **Notice of Removal of Action** |

## NOTICE OF REMOVAL

**TO:**    HONORABLE DISTRICT COURT JUDGE
         ASSIGNED TO THESE PROCEEDINGS:

Pursuant to 28 U.S.C. §§157, 1334, 1441, 1146, and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Defendants UD Edison Corp., UDG Management LLC, UDG Holdings LLC, Jina Baek, and Jeong Hoon Kim (the "<u>UDG Defendants</u>"), by their attorneys, KIRBY AISNER & CURLEY, LLP, respectfully provide this

notice removal of the above-captioned action from the Superior Court New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey and referral to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). In support of the Notice of Removal, the Debtor respectfully sets forth as follows:

## BACKGROUND

1. Upon information and belief, in 2016, George Xenakis D.D.S., Palisades Park, LLC (the "Debtor") entered into an Independent Contractor Agreement with a dentist named Dr. Robert Kudla ("Kudla" or "Plaintiff"). Upon information and belief, the Debtor determined to terminate the agreement with Kudla. Thereafter, Kudla commenced an action in New Jersey Superior Court, Mid-L-2577-19 in Middlesex County styled as *Robert J. Kudla, D.M.D. v. United Dental Group, P.C. UDG Management, LLC, George Xenakis, D.D.S., individually ("Dr Xenakis"), George Xenakis, D.D.S., Palisades Park LLC [i.e. the Debtor], United Dental Group Practice, United Dental Group, United Dental, and/or Shim, Eunjung, D.M.D. L.L.C.; UD Edison Corp., a/ka/ or d/b/a United Dental Group, United Dental Group Edison, and/or U+D Dental, Jina Baek, UDG Holdings L.L.C. and Jeong Hoon Kim* (the "State Court Action"). The docket for the State Court Action is annexed hereto as **Exhibit A.**

2. The State Court Action involves claims directed against the Debtor and Dr Xenakis, and derivatively directed claim against the UDG Defendants by "veil piercing" type theories of liability. Annexed as **Exhibit B** is the third amended complaint (the "Third Amended Complaint") filed by Plaintiff on February 8, 2022, in the State Court Action.

3. More specifically, the Plaintiff's Third Amended Complaint alleges causes of action sounding in (i) NJ Conscientious Employee Protection Act, (ii) Law Against Discrimination; (iii) breach of contract, and other related theories arising out of an "independent

contractor agreement" whereby Plaintiff provided visiting dentist services to dental practice locations owned and operated by the Debtor and Dr Xenakis.

4. Third Amended Complaint alleges that the remaining defendants, including the UDG Defendants, were generally involved in the operations of the Debtor. All of these defendants have filed answers with denials. **Exhibit C**.

5. Upon information and belief, while the Debtor believes it has strong defenses to the claims asserted in the State Court Action, since the legal fees to the Debtor alone would aggregate over six figures (approximately $100,000 to $200,000) and impose additional strain on the Debtor's limited resources, on May 21, 2023, the Debtor filed a Chapter 11 petition in the United States Bankruptcy Court for the District of New Jersey, Case No. 23-14320 (the "Chapter 11 Case") hoping to be able to utilize the various provisions of the Bankruptcy Code to reorganize its financial affairs. Annexed as **Exhibit D** is the docket in the Chapter 11 Case.

6. While the automatic stay in the Debtor's case has given the Debtor a "breathing spell" from having to defend itself at this time in the State Court Action, the State Court Action is nonetheless continuing against the UDG Defendants which may result in rulings and findings that would result in claims by, *inter alia,* the UDG Defendants against the Debtor. To that point, the allegations in the Third Amended Complaint assert an alleged identity of interest between the issues and claims asserted against the Debtor and the UDG Defendants. Thus, the UDG Defendants may have contractual or common law indemnification rights against the Debtor.

7. In order to prevent any actions that may run afoul of the automatic stay imposed by 11 U.S.C. § 362(a) and to bring to the Bankruptcy Court claims that may be asserted against the Debtor, the UDG Defendants now file this Notice of Removal petition to remove the State Court Action to the District Court under 28 U.S.C. § 1344, as of right.

3

**BASIS FOR RELIEF**

8. The claims in the State Court Action are properly removeable to the U.S. District Court pursuant to 28 U.S.C. §1452(a) and Rule 9027 of the Bankruptcy Rules.

9. The District and Bankruptcy Courts have jurisdiction over the claims asserted in the State Court Action pursuant to 28 U.S.C. § 1334 and 1452(a) because they (i) involve claims against the Debtor's estate, and (ii) are related to the Chapter 11 Case. The claims and causes of action in the State Court Action necessarily impact the Debtor's Chapter 11 Case and specifically relate to not only Plaintiff's claims against the Debtor', but also indemnification rights the UDG Defendants may have against the Debtor.

10. This State Court Action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1334(b) and is one which may be removed to this Court by the UDG Defendants (whom have standing as holding contingent unliquidated claims against the Debtor) as provided by 28 U.S.C. § 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

11. "…the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." A matter is "related to" a bankruptcy proceeding if it is a "core proceeding" within the meaning of 28 U.S.C §157(b), which enumerates a non-exhaustive list of core proceedings in subsection (b)(2).

12. The State Court Action is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2) (B), and (C) in that the State Court Action concerns claims affecting the Debtor, claims against the Debtor's estate, and the determination of the State Court Action affects the ability of the Debtor to timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code.

For this reason, removal of the State Court Action is contemplated by 28 U.S.C. §1334(b), and removal is appropriate and warranted.

13. In the event that any of the claims in the State Court Action are determined to be non-core, the Debtor consents to the entry of a final order or judgment by the Bankruptcy Court.

## CONCLUSION

14. Removal of the State Court Action is appropriate since the U.S. District Court and Bankruptcy Court have original jurisdiction over the claims asserted by both the Debtor and UDG Defendants therein.

15. Further, since the Debtor is a subchapter V debtor, its reorganization is inextricably intertwined with the State Court Action. Since the automatic stay applies to the Debtor, it presumably will no longer participate in the State Court Action. Given the nature of the allegations in the Third Amended Complaint, if there are certain findings made in the State Court Action, the Debtor's reorganization and discharge may be compromised, or even rendered moot.

16. The UDG Defendants submits that prosecuting both the Chapter 11 Case and the State Court Action in one central forum in in the best interests of all parties – the Plaintiff, the Debtor and its estate, and the UDG Defendants.

17. In accordance with Bankruptcy Rule 9027, the Debtor will serve a file copy of this Notice of Removal on all parties to the State Court Action, as well as the Clerk of the Superior Court New Jersey, Law Division, Middlesex County, and the Clerk of the Bankruptcy Court

**NOW THEREFORE,** the parties to the State Court Action are **HEREBY NOTIFIED** pursuant to Bankruptcy Rule 9027(c), that:

A. Removal of all claims and causes of action in the State Court Action was effected upon the filing of a copy of this Notice of Removal with the Clerk of the Superior Court New

Jersey, Law Division, Middlesex County.

B. The claims and causes of action in the State Court Action are removed from the Superior Court New Jersey, Law Division, Middlesex County to the United States District Court for the District of New Jersey, and pursuant to 28 U.S.C. §1452(a) are referred to the United States Bankruptcy Court for the District of New Jersey for hearing and determination in connection with the Chapter 11 Case.

C. The parties to the State Court Action shall proceed no further in the Superior Court New Jersey, Law Division, Middlesex County unless and until the State Court Action is remanded by the Bankruptcy Court.

Dated: Scarsdale, New York
June 17, 2023

/s/ Dwight D. Joyce,
Dwight D. Joyce, Esq.
LAW OFFICES OF DWIGHT D. JOYCE
2 Joyce Plaza
Stony Point, New York 10980
(845) 429-9323
*Attorneys for Defendants UD Edison Corp.,
UDG Management, LLC, UDG Holdings LLC,
Jina Baek, and Jeong Hoon Kim*

6